UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERICK ADRIAN G.-H.<br>(A-241-102-100),<br><br>            Petitioner,<br><br>    v.<br><br>WARDEN, California City Correctional Center; Field Office Director, San Diego Field Office, United States Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of Homeland Security; and PAMELA JO BONDI, United States Attorney General,<br><br>            Respondents. | No.  2:26-cv-00718-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, ENJOINING RESPONDENTS FROM RE-DETAINING PETITIONER, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>Doc. 12 |

Petitioner Herick Adrian G.-H. is a former immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 26, 2026, the assigned magistrate judge issued findings and recommendations to grant the petition.  Doc. 12.  Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within 21 days after service.  On

April 15, 2026, respondents filed objections noting simply that they "stand on their previous briefing." Doc. 13. Respondents do not meaningfully address the magistrate judge's findings and recommendations. *Id.*

In accordance with 28 U.S.C. § 636 (b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1.    The findings and recommendations issued on March 26, 2026, Doc. 12, are adopted in full;

2.    The petition for writ of habeas corpus is granted;

3.    Respondents are permanently enjoined and restrained from re-detaining petitioner unless they hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered;[1] and

4.    The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   May 22, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] If new circumstances arising after the date of this order justify petitioner's detention without advance notice, respondents must hold a prompt post-deprivation hearing consistent with the requirements set forth herein. Alternatively, if petitioner becomes subject to a final order of removal and petitioner receives notice of such order, respondents may detain petitioner for the limited purpose of executing the removal order.

2